**FILED**

JUN 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

B.G. MOORE
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008
Tel. 202-362-2641

    Plaintiff,

-vs-

DEXTER JOHN DOUGLASS
4001 NW 122nd Street, Apt. 1138
Oklahoma City, OK 73120
Tel. 405-302-6228

    Defendant.

Case: 1:07-cv-01151
Assigned To : Friedman, Paul L.
Assign. Date : 6/27/2007
Description: PI/MALPRACTICE

WITH JURY TRIAL DEMANDS

- 1 -

**PARTIES**

Plaintiff B.G. Moore (hereinafter "Moore") is an individual who resides at 4401-A Connecticut Avenue N.W., Washington, D.C. 20008. He is a citizen of the State of California.

Defendant Dexter John Douglas (hereinafter "Douglas") is an individual who resided:

- 7624 Gladstone Road, Baltimore, MD 21244-1271
- 19509 Gunners Branch Rd, Apt J, Germantown, MD 20876-2717
- 16612 Valderama Way, Edmond, OK 21244-8925

Was a citizenship of the State of Maryland and now citizenship of the State of Oklahoma.

**SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. section 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between….citizens of different States…. ."

**VENUE**

Venue is proper in the District of Columbia pursuant to 28 U.S.C. section 1391(a)(2), which provides that in a federal suit founded upon diversity of citizenship, venue is proper in a district in which "a substantial part of the events or omissions giving rise to the claim occurred," because "a substantial part of the events or omissions giving rise to [this] claim occurred" in the District of Columbia. Venue is also proper in the District of Columbia pursuant to 28 U.S.C. section 1391(a)(1).

**FIRST CAUSE OF ACTION**

At all times material to this cause of action Defendant Douglas tested HIV- positive <u>prior to August 2004</u>. Subsequently, in <u>August 2004</u>, Defendant Douglas <u>several times</u> engaged in <u>sexual intercourse</u> with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

## SECOND CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **October 2004**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

## THIRD CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **December 2004**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

## FOURTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **January 2005**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

## FIFTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **April 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

### SIXTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **July 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

### SEVENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **September 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

### EIGHTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **November 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

### NINTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **December 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

## TENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **January 2006**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

## ELEVENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **March 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

## TWENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to August 2004. Subsequently, in **June 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

## THIRTHTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **August 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

### FOURTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **October 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

### FIFTHTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **December 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

### SIXTHTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **January 2007**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore.

### RELIEF

WHEREFORE, Plaintiff B.G. Moore demands judgment against Defendant Dexter John Douglas for compensatory damages in the amount $500,000, and for punitive damages in the amount of $2,000,000, plus the costs of this action and such other relief as the Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff Bernard Moore demand a trial by jury as to all cause of actions to triable.

Dated: June 23, 2007

By _____
B.G. Moore
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008

In Properia Persona

**VERIFICATION**

STATE OF CALIFORNIA
                    ss:
COUNTY OF LOS ANGELES

I, B.G. Moore declare under the penalty of perjury that the foregoing original complaint is true and correct. Executed on June 23, 2007 at Los Angeles, California.

By _____
B.G. Moore
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

B.G. Moore

**DEFENDANTS**

Dexter John Douglas

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   District of Columbia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   County of Oklahoma
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

B.G. Moore
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008
Tel. 202-362-2641

Case: 1:07-cv-01151
Assigned To : Friedman, Paul L.
Assign. Date : 6/27/2007
Description: PI/MALPRACTICE

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ⊙ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**⊙ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ⊙ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. section 1332

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 500,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE June 26, 2007   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.