RECEIVED

JUL 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

B.G. MOORE
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008
Tel. 202-362-2641

    Plaintiff,

-vs-

DEXTER JOHN DOUGLASS
4001 NW 122nd Street, Apt. 1138
Oklahoma City, OK 73120
Tel. 405-302-6228

    Defendant.

CIVIL NO: 1:07-cv-01151-PLF

VERIFIED AMENDED COMPLAINT

WITH JURY TRIAL DEMANDS

- 1 -

## PARTIES

Plaintiff B.G. Moore (hereinafter "Moore") is an individual who resides at 4849 Connecticut Avenue N.W. #631, Washington, D.C. 20008. He is a citizen of the State of California.

Defendant Dexter John Douglas (hereinafter "Douglas") is an individual who resided:

- 7624 Gladstone Road, Baltimore, MD 21244-1271
- 19509 Gunners Branch Rd, Apt J, Germantown, MD 20876-2717
- 16612 Valderama Way, Edmond, OK 21244-8925
- 4001 N.W. 122nd Street, Apt. 1138, Oklahoma City, OK 73120

Was a citizenship of the State of Maryland and now citizenship of the State of Oklahoma.

## SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. section 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between....citizens of different States..... ."

## VENUE

Venue is proper in the District of Columbia pursuant to 28 U.S.C. section 1391(a)(2), which provides that in a federal suit founded upon diversity of citizenship, venue is proper in a district in which "a substantial part of the events or omissions giving rise to the claim occurred," because "a substantial part of the events or omissions giving rise to [this] claim occurred" in the District of Columbia. Venue is also proper in the District of Columbia pursuant to 28 U.S.C. section 1391(a)(1).

## FIRST CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive <u>prior to August 2004</u>. Subsequently, in **August 2004**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse

with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### SECOND CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **October 2004**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### THIRD CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **December 2004**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV). Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### FOURTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **January 2005**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully

failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### FIFTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **April 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### SIXTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **July 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### SEVENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **September 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully

failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could place the plaintiff in life threatening situation. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### EIGHTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **November 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### NINTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **December 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could place the plaintiff in life threatening situation. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## TENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **January 2006**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could place the plaintiff in life threatening situation. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## ELEVENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **March 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## TWENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to August 2004. Subsequently, in **June 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of

acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### THIRTHTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **August 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### FOURTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to August 2004. Subsequently, in **October 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### FIFTHTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **December 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of

acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## SIXTHTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **January 2007**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## RELIEF

WHEREFORE, Plaintiff B.G. Moore demands judgment against Defendant Dexter John Douglas for compensatory damages in the amount $500,000, and for punitive damages in the amount of $2,000,000, plus the costs of this action and such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff Bernard Moore demand a trial by jury as to all cause of actions to triable.

Dated: June 9, 2007

By_____
B.G. Moore
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008

In Properia Persona

**VERIFICATION**

WASHINGTON, D.C.

I, B.G. Moore declare under the penalty of perjury that the foregoing original complaint is true and correct. Executed on July 9, 2007 at Washington, D.C.

By _____
B.G. Moore
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008

- 9 -

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that, mailed a true and correct copy of the attached Amended Verified Amended Complaint by depositing it in the United States Mail in a sealed envelope with postage prepaid to the following:

Dexter John Douglas, 4001 N.W. 122nd Street #1138, Oklahoma City, OK 73129

Mailed at: Washington, D.C.

Executed on July 9, 2007, at Washington, D.C.

_____
B.G. Moore
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008