UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

B.G. MOORE                                          CIVIL NO: 1:07-cv-01151-PLF

            Plaintiff,

-vs-

DEXTER JOHN DOUGLAS
            Defendant.
_____/

## MOTION FOR DEFAULT JUDGMENT BY COURT

Plaintiff B.G. Moore appearing propria persona moves the Court to enter a default judgment in of plaintiff and against defendant Dexter John Douglas. This motion is made on the grounds that defendant has failed to file an answer to the complaint or the amended complaint in this action that the time allowed for filing the complaint has expired, and that defendant's default was duly entered on August 14, 2007.

This motion is based on the records and files herein, and on the memorandum of points and authorities and affidavit of B.G. Moore, attached hereto.

Dated: August 27, 2007                    Respectfully submitted,

                                          By _____
                                              B.G. Moore
                                              4849 Connecticut Ave, NW #631
                                              Washington, D.C. 20008

RECEIVED

AUG 3 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
## FACTS

Plaintiff B.G. Moore moves the Court for entry of default judgment as to Defendant Dexter John Douglas upon the complaint hereto filed and served upon the defendant, in accordance with the provision of Rule 55(b)(2) of the Federal Rules Civil Procedure, and in support thereof shows Court the following:

On June 27, 2007, Plaintiff filed in this Court, the complaint alleging defendant tested HIV+ positive prior to August 2004. Subsequently, from August 2004 thru January 2007 defendant engaged several times in sexual intercourse without telling plaintiff of his HIV+ positive status. Consequently, defendant has exposed plaintiff to the danger of acquiring the *Human Immunodeficiency Virus (HIV)* and which could to the plaintiff in the future of serious illness and/or placing plaintiff in a life threatening situation for could lead to an early death. A copy of the said complaint is attached hereto as **(Exhibit A)** and is incorporated herein by reference.

On July 9, 2007, the Amended Complaint filed with the United States District Court for the District of Columbia and served on the defendant at 4001 N.W. 122nd Street, Apt. 1138, Oklahoma City, OK 73120. A copy of said Amended Complaint is attached hereto as **(Exhibit B)** and is incorporated herein by reference.

On July 12, 2007, a copy of the said summons and complaint in this civil action were served by a third party service of process Charles Black by certified mail with return receipt requested *(Restricted Delivery)*, to defendant Dexter John Douglas. On July 16, 2007, defendant signed the return receipt green card and received the

summons and complaint by *(Restricted Delivery)* at the United States Post Office in Oklahoma City, Oklahoma. A copy of the Affidavit of Service is attached hereto as **(Exhibit C)**. On August 14, 2007, the Clerk of this Court entered defendant in default. The Certificate of the Clerk of this Court as to the entry of default is attached hereto as **(Exhibit D)**.

Defendant has failed to plead or otherwise defend this action, and the plaintiff is entitled to judgment by default against defendant. Pursuant to the provisions of Rule 55(b)(2) of the Federal rules Civil Procedure, this Court is empowered to enter a default judgment against the defendant for relief sought by plaintiff in its amended complaint and written notice of this action has been given to defendant as set forth in the attached affidavit.

## ARGUMENT

### Legal Standard for Entry of Default Judgment
### Under Fed.R.Civ.P. 55(b)(2)

A Court is empowered to enter a default judgment against a defendant who fails to defend its case. <u>Flynn vs. Angelucci Bros & Sons</u>, Inc. 448 F. Supp 2d 193, (DDC.2006)(citing <u>Keegel vs. Key West & Caribbean trading Co.</u>, 627 F.2d 372, 375 n.5 (D.C. Cir.1980). Rule 55 (b) (2) authorizes the Court to enter a default judgment against the defendant for the amount claimed plus costs. Fed.R.Civ. P. 55(b) (2). While modern courts do not favor default judgments, they are certainly appropriate "when the adversary process has been halted because of an essentially unresponsive party." <u>Jackson vs. Beech</u>, 636 F.2d 831, 835-36 (D.C. Cir.1980).

A defendant judgment establishes the defaulting party's liability for the well-pled allegations of the complaint. *Adkins vs. Teseo*, 180 F.Supp. 2d 15, 17 ((D.D.C. 2001). A default judgment, however, does not automatically establish liability in the amount claimed by the plaintiff. <u>Shephered vs. Am. Bm. Broad. Cos. Inc.</u>, 862 F.Supp. 486, 491 (D.D.C.1994*), vacated on other grounds*, 62 F.3d 1469 (D.C.Cir.1995). "[U]nless the

amount of damages is certain, the Court is required to make an independent determination of the sum to be awarded." Adkins, 180 F.Supp.2d at 17.

## The Court Enters Default Judgment Against the Defendant

On July 16, 2007 the defendant received service of the summons and complaint, the defendant had until August 6, 2007 to respond to the complaint. (Giving the defendant 20 days from the date of service to answer the complaint). Fed.R.Civ.P.12 (a) (1) (A). The defendant, however, failed to respond by the deadline and has not taken any action indicating intent to defend this matter pending against him. Although default judgment is not a favored course of action, the defendant's wholesale disregard of the judicial process has left the Court with no alternative. Jackson, 636 F.2d at 835 (stating that although default judgments are not favored by the courts, they are appropriate when the adversary process has been halted because of an unresponsive party).

The defendant's default is an admission of liability for the well-pleaded allegations of the complaint[1] (amended complaint). Adkins, 180 F.Supp.2d at 17; Int'l Painters and Allied trades Indus. Pension fund vs. R.W. Amrine Drywall Co., Inc., 239 F.Supp. 2d 26, 30 (D.D.C.2002) (citing Trans World Airlines, Inc. vs. Hughes, 449 F.2d 51, 63 (3rd Cir. 1971)).

The complaint alleges that defendant negligently breached a legal duty he owed to plaintiff not to transmit the HIV virus because he knew that he had the HIV Virus. In order to state a claim for a cause of action arising from a tortuous injury, such as that alleged by plaintiff in count I thru 17 of the complaint. Generally, there a legal duty under negligence "imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to unreasonably endanger the person or property of others" Doe vs. Johnson, 817 F. Supp. 1382 (WD Mich. 1993). An individual is liable to another only when he owes

---

[1]A pro se complaint is held to a less stringent standard than formal pleadings drafted by lawyers. See King vs. Meekins, 593 F.Supp. 59, 60 (D.D.C.1984) (quoting Haines vs. Kerner, 404 U.S. 519, 520 (1972)). For example, the Court is required to read pro se complaints liberally and broadly. See Haines, 404 U.S. 519.

some duty of care. Because, however, negligence law "is founded upon the notion of the actor's culpability and the belief that he could have, and should have, taken steps to avoid the potential injury," Lipnick vs. United States, 717 F.Supp 902 (DCCD 1989), a duty of care will only arise with respect to a condition that poses an "unreasonably great risk of harm." Id. Thus, "the legal duty is not to avoid all risk of injury possibly resulting from one's action (or omissions), but only the unreasonable risk." Id.

Because the plaintiff has presented a *prima facie* case to which the defendant has been "essentially unresponsive," the plaintiff have established the defendant's liability for knowing that he was HIV positive and penetration without informing plaintiff of his HIV status. Jackson vs. Beech, 636 F.2d at 835; Adkins, 180 F.Supp.2d at 17. Consequently, defendant placed the plaintiff serious risk of acquiring the HIV virus. HIV (Human Immunodeficiency Virus) is a virus that attacks and destroys the human immune system.[2] Specifically, HIV prevents the production of, and in some cases, destroys, those cells in the immune system that are vital to defending against illness.[3] When the body is infected with HIV, diseases that are normally easily treated become extremely difficult to control. Thus, this case permits recovery for negligent infliction of emotional distress are characterized by a reasonable anxiety arising in the plaintiff, with attendant physical manifestation, from being in a situation where it was abundantly clear that plaintiff was in gravel personal peril from acquiring HIV. Consequently, plaintiff as a matter of law was in personal physical danger of contracting HIV, and thus places plaintiff within the zone of danger for purposes for establishing a claim for negligent infliction of emotional distress. Consequently, the plaintiff continues to undergoing psychological treatment for the emotional distress and anxiety as alleged in the cause of action in the complaint or the (amended complaint). See **(Exhibit E)**.

For the foregoing reasons Plaintiff B.G. Moore request the Court enter a default judgment in the amount of $50,000 against defendant Dexter John Douglas in the above-entitled action.

---

[2] See National research Council, Inst. Of Medicine, National Academy of Sciences, Mobilizing Against Aids 116 (1989) [hereinafter Mobilizing Against Aids).
[3] Id. At 123.

**Affidavit**

B.G. Moore, do hereby certify that the statements and allegations set forth in the foregoing Motion and the accompanying Memorandum of Points and Authorities are true and accurate to the best of my knowledge and belief.

Dated: August 27 , 2007                              Respectfully submitted,

                                        /B.G. Moore
                                        4849 Connecticut Avenue, NW #631
                                        Washington, D.C. 20008
                                        (202) 362-2641

                                        In Pro se

- 6 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

B.G. MOORE
                    Plaintiff,                                CIVIL NO: 1:07-cv-01151-PLF

-vs-

DEXTER JOHN DOUGLAS
                    Defendant.
_____/

## AFFIDAVIT OF B.G. MOORE IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

B.G. Moore, deposes and says under penalty of perjury:

1. I am the pro se plaintiff in the above entitled action. I am familiar with the facts and circumstances in this action.

2. I make this affirmation pursuant to Rule 55.1 and 55.2(a) of the Federal Rules of Civil Procedure, in support of my (plaintiff) Motion for Default Judgment against defendant.

3. On July 16, 2007, Defendant Dexter John Douglas (hereinafter Mr. Douglas) was served with summons and complaint by a third party service of processer.

4. I make the affirmation Mr. Douglas was not engaged in any kind of service with any branch of the military service of the United States or of the State Oklahoma, nor had he ever served as defined in the Soldiers' and Sailors' Civil Relief Act of 1940.

5. I can attest in January 2007 that Mr. Douglas informed me that he had tested HIV+ positive prior to August 2004.

6. I can attest that Mr. Douglas failed to make any disclosure of his HIV+ positive status prior to engaging in sexual intercourse with me from August 2004 thru January 2007.

7. I can attest that Mr. Douglas inform me that he was HIV+ positive during the of January 2007 after he engaged in sexual intercourse several times with me from August 2004 thru January 2007.

8. I can attest that I continue to undergo psychological treatment and counseling since January 2007 for emotional distress and anxiety on a weekly basis related to Mr. Douglas exposing me to HIV at the expense of $150.00 per week.

9. I can attest I continue undergoing other medical testing and treatment related to being exposed to HIV by Mr. Douglas.

10. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. section 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States...."Venus is proper in the District of Columbia pursuant to 28 U.S.C. Section 1391(a)(2), which provides that in a federal suit founded upon diversity of citizenship, venue is proper in a district in which "a substantial part of the events or omissions giving rise to [this] claim occurred" in the District of Columbia. Venue is also proper in the District of Columbia pursuant to 28 U.S.C. sections 1391(a) (1).

11. This action seeks default judgment for modified amount of $50.000 for damages for emotional distress and future medical expenses.

WHEREFORE, Plaintiff B.G. Moore requests the entry of Default Judgment against Dexter John Douglas.

Dated: August 27, 2007

Respectfully submitted,

By

B.G. Moore
4849 Connecticut Ave, NW #631
Washington, D.C. 20008

# EXHIBIT "A"

**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUN 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

B.G. MOORE
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008
Tel. 202-362-2641

        Plaintiff,

-vs-

DEXTER JOHN DOUGLASS
4001 NW 122nd Street, Apt. 1138
Oklahoma City, OK 73120
Tel. 405-302-6228

        Defendant.

_____/

Case: 1:07-cv-01151
Assigned To : Friedman, Paul L.
Assign. Date : 6/27/2007
Description: PI/MALPRACTICE

WITH JURY TRIAL DEMANDS

- 1 -

**PARTIES**

Plaintiff B.G. Moore (hereinafter "Moore") is an individual who resides at 4849 Connecticut Avenue N.W. #631, Washington, D.C. 20008. He is a citizen of the State of California.

Defendant Dexter John Douglas (hereinafter "Douglas") is an individual who resided:

- 7624 Gladstone Road, Baltimore, MD 21244-1271
- 19509 Gunners Branch Rd, Apt J, Germantown, MD 20876-2717
- 16612 Valderama Way, Edmond, OK 21244-8925
- 4001 N.W. 122nd Street, Apt. 1138, Oklahoma City, OK 73120

Was a citizenship of the State of Maryland and now citizenship of the State of Oklahoma.

**SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. section 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between....citizens of different States.... ."

**VENUE**

Venue is proper in the District of Columbia pursuant to 28 U.S.C. section 1391(a)(2), which provides that in a federal suit founded upon diversity of citizenship, venue is proper in a district in which "a substantial part of the events or omissions giving rise to the claim occurred," because "a substantial part of the events or omissions giving rise to [this] claim occurred" in the District of Columbia. Venue is also proper in the District of Columbia pursuant to 28 U.S.C. section 1391(a)(1).

**FIRST CAUSE OF ACTION**

At all times material to this cause of action Defendant Douglas tested HIV- positive <u>prior to August 2004</u>. Subsequently, in <u>**August 2004**</u>, Defendant Douglas <u>**several times**</u> engaged in <u>**sexual intercourse**</u> with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse

with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## SECOND CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **October 2004**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## THIRD CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **December 2004**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV). Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## FOURTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **January 2005**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully

failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### FIFTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **April 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### SIXTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **July 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### SEVENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **September 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully

failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could place the plaintiff in life threatening situation. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## EIGHTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **November 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## NINTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **December 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could place the plaintiff in life threatening situation. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

**TENTH CAUSE OF ACTION**

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004.** Subsequently, in **January 2006**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could place the plaintiff in life threatening situation. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

**ELEVENTH CAUSE OF ACTION**

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **March 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

**TWENTH CAUSE OF ACTION**

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to August 2004. Subsequently, in **June 2006,** Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of

acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### THIRTHTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **August 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### FOURTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **October 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### FIFTHTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **December 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of

acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## SIXTHTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **January 2007**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## RELIEF

WHEREFORE, Plaintiff B.G. Moore demands judgment against Defendant Dexter John Douglas for compensatory damages in the amount $500,000, and for punitive damages in the amount of $2,000,000, plus the costs of this action and such other relief as the Court deems just and equitable.

//
//
//
//
//
//
//
//
//
//

- 8 -

1

**JURY TRIAL DEMAND**

2

Plaintiff Bernard Moore demand a trial by jury as to all cause of actions to triable.

3

Dated: June_____, 2007

4

5

By_____
B.G. Moore

6

4849 Connecticut Avenue, NW #631

7

Washington, D.C. 20008

8

In Properia Persona

9

10

11

**VERIFICATION**

12

13

WASHINGTON, D.C.

14

I, B.G. Moore declare under the penalty of perjury that the foregoing original complaint is true

15

and correct. Executed on June___, 2007

16

17

By_____
B.G. Moore

18

4849 Connecticut Avenue, NW #631

19

Washington, D.C. 20008

20

21

22

23

24

25

26

27

28

# EXHIBIT "B"



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

B.G. MOORE                                          CIVIL NO: 1:07-cv-01151-PLF
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008                              VERIFIED AMENDED COMPLAINT
Tel. 202-362-2641
                                                    WITH JURY TRIAL DEMANDS

            Plaintiff,

-vs-

DEXTER JOHN DOUGLASS
4001 NW 122nd Street, Apt. 1138
Oklahoma City, OK 73120
Tel. 405-302-6228

            Defendant.
_____/

- 1 -

**PARTIES**

Plaintiff B.G. Moore (hereinafter "Moore") is an individual who resides at 4849 Connecticut Avenue N.W. #631, Washington, D.C. 20008. He is a citizen of the State of California.

Defendant Dexter John Douglas (hereinafter "Douglas") is an individual who resided:

- 7624 Gladstone Road, Baltimore, MD 21244-1271
- 19509 Gunners Branch Rd, Apt J, Germantown, MD 20876-2717
- 16612 Valderama Way, Edmond, OK 21244-8925
- 4001 N.W. 122nd Street, Apt. 1138, Oklahoma City, OK 73120

Was a citizenship of the State of Maryland and now citizenship of the State of Oklahoma.

**SUBJECT MATTER JURISDICTION**

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. section 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between....citizens of different States.... ."

**VENUE**

Venue is proper in the District of Columbia pursuant to 28 U.S.C. section 1391(a)(2), which provides that in a federal suit founded upon diversity of citizenship, venue is proper in a district in which "a substantial part of the events or omissions giving rise to the claim occurred," because "a substantial part of the events or omissions giving rise to [this] claim occurred" in the District of Columbia. Venue is also proper in the District of Columbia pursuant to 28 U.S.C. section 1391(a)(1).

**FIRST CAUSE OF ACTION**

At all times material to this cause of action Defendant Douglas tested HIV- positive <u>prior to</u> <u>August 2004</u>. Subsequently, in <u>August 2004</u>, Defendant Douglas <u>several times</u> engaged in <u>sexual</u> <u>intercourse</u> with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse

with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### SECOND CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **October 2004**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### THIRD CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **December 2004**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV). Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### FOURTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **January 2005**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully

failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### FIFTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **April 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### SIXTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **July 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### SEVENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **September 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully

failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could place the plaintiff in life threatening situation. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## EIGHTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **November 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

## NINTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **December 2005**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could place the plaintiff in life threatening situation. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

**TENTH CAUSE OF ACTION**

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **January 2006**, Defendant Douglas several times engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could place the plaintiff in life threatening situation. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

**ELEVENTH CAUSE OF ACTION**

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **March 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

**TWENTH CAUSE OF ACTION**

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to August 2004. Subsequently, in **June 2006,** Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of

acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### THIRTHTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **August 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### FOURTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **October 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### FIFTHTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **December 2006**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of

acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### SIXTHTEENTH CAUSE OF ACTION

At all times material to this cause of action Defendant Douglas tested HIV- positive prior to **August 2004**. Subsequently, in **January 2007**, Defendant Douglas **several times** engaged in **sexual intercourse** with Plaintiff Moore. Notwithstanding, Defendant Douglas herein with the intent willfully failed to make any disclosure of his HIV- positive status prior to the engagement of sexual intercourse with Plaintiff Moore. Consequently, Defendant Douglas has subjected Plaintiff Moore endanger of acquiring the Human Immunodeficiency Virus (HIV) and could lead to the plaintiff being placed in life threatening situation.

### RELIEF

WHEREFORE, Plaintiff B.G. Moore demands judgment against Defendant Dexter John Douglas for compensatory damages in the amount $500,000, and for punitive damages in the amount of $2,000,000, plus the costs of this action and such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff Bernard Moore demand a trial by jury as to all cause of actions to triable.

Dated: June 7, 2007

By _____

B.G. Moore
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008

In Properia Persona

- 8 -

1

**VERIFICATION**

2

WASHINGTON, D.C.

3

4          I, B.G. Moore declare under the penalty of perjury that the foregoing original complaint is true

5    and correct.  Executed on July ___, 2007 at Washington, D.C.

6

7                                              By_____

8                                                     B.G. Moore
                                                     4849 Connecticut Avenue, NW #631
9                                                     Washington, D.C. 20008

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that, mailed a true and correct copy of the attached

Amended Verified Amended Complaint by depositing it in the United States Mail in a sealed

envelope with postage prepaid to the following:

Dexter John Douglas, 4001 N.W. 122nd Street #1138, Oklahoma City, OK 73129

Mailed at: Washington, D.C.

Executed on July 9, 2007, at Washington, D.C.

B.G. Moore
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

B.G. MOORE

        Plaintiff,

        CIVIL NO: 1:07-cv-01151-PLF

-vs-

DEXTER JOHN DOUGLAS

        Defendant.

_____/

AFFIDAVIT OF SERVICE

    I, Charles E. Black, hereby declare that on the 12th day of July, 2007, I mailed a copy of the

summon and complaint, certified mail return receipt requested, to Dexter John Douglas.  Attached

hereto is the certified green card acknowledging service.

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Dexter Douglas*  ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name* )  C. Date of Delivery<br>*Dexter Douglas*<br>D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br>RESTRICTED DELIVERY |
| 1. Article Addressed to:<br><br>*Dexter Douglas*<br>*4001 N.W. 122nd Street*<br>*Apt. 1138*<br>*Oklahoma City, OKLa.*<br>*73120* | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☒ Yes |
| 2. Article Number<br>(*Transfer from service label*)  7007 0220 0004 5028 4290 | |
| PS Form 3811, February 2004          Domestic Return Receipt | 102595-02-M-1540 |

*Charles E. Black*
Charles E. Black
1844 Victoria Avenue #13
Los Angeles, CA 90019
985-351-9349

- 1 -

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

B.G. Moore
    Plaintiff,

**SUMMONS IN A CIVIL CASE**

    V.

Dexter John Douglas
    Defendant.

Case: 1:07-cv-01151
Assigned To : Friedman, Paul L.
Assign. Date : 6/27/2007
Description: PI/MALPRACTICE

TO: (Name and address of Defendant)

Dexter John Douglas
4001 NW 122nd Street, Apt. 1138
Oklahoma City, OK 73120

                                                        PRO SE

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ~~ATTORNEY~~ (name and address)

B.G. Moore
4849 Connecticut Avenue, NW #631
Washington, DC 20008

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**NANCY MAYER-WHITTINGTON**            JUN 27 2007

CLERK                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | July 12, 2007 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Charles Black | Service of Process |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☑ Other (specify):  Summons and complaint was served by Certified mail Return receipt

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | Ø | Ø |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  July 12, 2007          Charles E Black
             _____        _____
                  Date                Signature of Server

             1844 Victoria Ave #13, Los Angeles, CA 90019
             _____
                  Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# EXHIBIT "D"

Default - Rule 55A (CO 40 Revised-DC 02/00)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

B.G. MOORE
_____

     Plaintiff(s)

               Civil Action No.  07-1151 PLF  _____

    v.


DEXTER JOHN DOUGLAS
_____

     Defendant(s)

RE:  DEXTER JOHN DOUGLAS


### DEFAULT


It appearing that the above-named defendant(s) failed to plead or otherwise defend this action though duly served with summons and copy of the complaint    on     7/16/07     , and an affidavit on behalf of the plaintiff having been filed, it is this 14th day of   August   2007 declared that defendant(s) is/are in default.


                       NANCY MAYER-WHITTINGTON, Clerk


          By: _____
                          Tawana Davis
                          Deputy Clerk

# EXHIBIT "E"



**KENNETH R. GREENBERG, Ph.D.**
*Psychologist*
4601 Connecticut Avenue N.W., Suite 20
Washington, DC 20008

Telephone: (202) 244-6333
Fax: (301) 946-3944

August 21, 2007

Re: Bernard Moore

To whom it may concern:

Mr. Bernard Moore has been a patient of mine since November 6, 2006. I have been seeing him weekly for individual psychotherapy. His diagnosis related to feelings of anxiety with accompanying signs of depression.

Mr. Moore recently informed me that, unknowingly, he had been exposed to the HIV virus. He immediately contacted his physician and tests are currently being run to determine the course of the disease.

Since Mr. Moore became aware of his HIV exposure, I have noticed an increase in the level of his anxiety as well as an increase in the level of his depressed feelings. I have recommended that Mr. Moore contact his primary care physician and request that he be put on an anti-depressant medication as soon as possible.

Kenneth R. Greenberg, Ph.D.

**CERTIFICATE OF SERVICE**

I, the undersigned, certify and declare that, mailed a true and correct copy of the attached Motion for Entry of Default Judgment, Memorandum of Points and Authorities and Affidavit of B.G. Moore by depositing it in the United States Mail in a sealed envelope with postage prepaid to the following:

Dexter John Douglas,

4001 N.W. 122nd Street #1138,

Oklahoma City, OK 73129

Mailed at: Washington, D.C.

Executed on August 28, 2007, at Washington, D.C.

B.G. Moore
4849 Connecticut Avenue, NW #631
Washington, D.C. 20008

- 9 -